**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| PAULA KAMMER, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Hon. |
| | ) | |
| GC SERVICES, LP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## COMPLAINT

NOW COMES Plaintiff, PAULA KAMMER ("Plaintiff"), through her attorneys, KROHN & MOSS, LTD., and hereby alleges the following against Defendant, GC SERVICES, LP ("Defendant"):

## INTRODUCTION

1.     Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. ("FDCPA").

2.     Count II of Plaintiff's Complaint is based on the Michigan Collection Practices Act, Mich. Comp. Law 445.901 *et seq*. ("MCPA").

## JURISDICTION and VENUE

3.     Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4.     Defendant conducts business in the State of Michigan establishing personal jurisdiction is established.

5.      Venue is proper pursuant to 28 U.S.C. 1391(b)(2), "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…"

### PARTIES

6.      Plaintiff is a natural person residing in St. Clair Shores, Macomb County, Michigan.

7.      Defendant is a business entity with a business office located at 6330 Gulfton Street, Houston, Texas 77081.

8.      Defendant is a debt collector / collection agency as that term is defined by 15 U.S.C. 1692a(6) and Mich. Comp. Law 445.251(b).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### FACTUAL ALLEGATIONS

10.      Defendant contacts Plaintiff attempting to collect an alleged debt originally owed to another company.

11.      Upon information and belief, the alleged debt arises from transactions which were for personal, family and/or household purposes.

12.      In its attempts to collect the alleged debt, Defendant calls Plaintiff at her place of residence and on her cellular telephone, (586) 778-89xx and (713) 776-65xx.

13.      When Defendant's collection calls are not answered, Defendant leaves voice messages for Plaintiff.

14.      Since Defendant has started its collection attempts in this matter, it has left at least five (5) messages for Plaintiff.  *See* transcribed messages, attached hereto as Exhibit A.

15.      Defendant failed to identify its business name in every message for Plaintiff.  *See*

Exhibit A.

16.     Defendant also failed to inform Plaintiff in each message that it is a debt collector.  *See* Exhibit A.

17.     Defendant continuously informed Plaintiff that it was important for her to call back, but Defendant did not always identify the name of its company and never informed Plaintiff that it was a debt collector or disclosed that the true nature and purpose of its call was about a debt.  *See* Exhibit A.

18.     Defendant's calls are annoying and harassing as they repeatedly fail to provide any information as to what company is calling and why it is calling.

19.     Defendant's messages are also deceptive and misleading as they do not identify disclose the true purpose of its phone calls or that it is a debt collector.

<u>**COUNT I**</u>
<u>**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**</u>

20.     Defendant violated the FDCPA based on the following:

a.     Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

b.     Defendant violated §1692d(6) of the FDCPA through the placement of calls without meaningful disclosure of the caller's identity;

c.     Defendant violated § 1692e(10) of the FDCPA by using deceptive means to attempt to collect a debt; and

d.     Defendant violated § 1692e(11) of the FDCPA by failing to disclose in communications that the communication was from a debt collector

WHEREFORE, Plaintiff, PAULA KAMMER, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

21.     Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

22.     Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k, and

23.     Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**DEFENDANT VIOLATED THE MICHIGAN COLLECTION PRACTICES ACT**

24.     Plaintiff repeats and re-alleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

25.     Defendant willfully violated the MCPA based on the following:

a.      Defendant violated § 445.252(a) of the MCPA by communicating with Plaintiff in a misleading and deceptive manner.

b.      Defendant violated § 445.252(e) of the MCPA by leaving messages for Plaintiff without revealing the purpose of a communication when it is made in connection with collecting a debt.

WHEREFORE, Plaintiff, PAULA KAMMER, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

26.     Statutory damages of $150.00 pursuant to the Michigan Collection Practices Act, Mich. Comp. Law 445.257(2),

27.     Costs and reasonable attorneys' fees pursuant to the Michigan Collection Practices Act, Mich. Comp. Law 445.257(2), and

28.     Any other relief that this Honorable Court deems appropriate.

Dated:        January22, 2013                    KROHN & MOSS, LTD.


                                          By:  /s/ Adam T. Hill
                                             Adam T. Hill
                                             KROHN & MOSS, LTD.
                                             10 N. Dearborn St., 3rd Fl.
                                             Chicago, Illinois 60602
                                             Telephone:  312-578-9428
                                             Telefax:  866-802-0021
                                             ahill@consumerlawcenter.com
                                             Attorneys for Plaintiff